STATE EX REL. GALLATIN COUNTY HIGH SCHOOL ET AL., RESPONDENTS, *v.* BRANDENBURG, COUNTY TREASURER, APPELLANT.

(No. 7,830.)

(Submitted June 6, 1938. Decided July 28, 1938.)

[82 Pac. (2d) 593.]

*Mr. H. B. Landoe, Mr. S. C. Ford* and *Mr. Sam D. Goza,* for Appellant, submitted a brief; *Mr. Goza* argued the cause orally.

*Mr. H. A. Bolinger* and *Mr. W. S. Hartman,* for Respondents, submitted a brief; *Mr. Hartman* argued the cause orally.

HONORABLE C. F. HOLT, District Judge sitting in place of MR. CHIEF JUSTICE SANDS, absent on account of illness, delivered the opinion of the court.

Plaintiffs, Gallatin County High School and its trustees, respondents herein, brought this action seeking a peremptory writ of mandate ordering and directing A. M. Brandenburg, as treasurer of Gallatin county, Montana, defendant and appellant herein, to deposit money received by him as such county treasurer, to the credit of Gallatin County High School.

Appellant demurred to the complaint; the demurrer was overruled. Appellant refused to plead further and thereafter the judge before whom the matter was tried made an order for

a writ of mandate directing the county treasurer to transfer and deposit the sum of $3,500, now held by him, all of which was received from the sale of the Y. M. C. A. building, theretofore sold prior to that time by the county commissioners at the request of the County High School Board of Trustees, and all other moneys which may in the future be received by him from the sale of the building, to the respondent Gallatin County High School for its use and benefit. · From this order the defendant herein has appealed to this court.

In brief, the facts alleged in the complaint are as follows: The plaintiff Gallatin County High School purchased the Y. M. C. A. building located in the city of Bozeman, Montana. All of the moneys used in the purchase of the building were derived from funds belonging to the Gallatin County High School, and received by it during the years 1923, 1924 and 1925 from its proportionate share of money received from a five-mill tax levy on all property in Gallatin county for high school purposes, and from moneys collected from a one-mill tax levy assessed against all property in Gallatin county for the sole use and benefit of the Gallatin County High School, and from moneys received by the Gallatin County High School from the sale of real property owned by it prior to the purchase of the Y. M. C. A. building, the deed to which building was executed by the board of trustees of the Y. M. C. A. to Gallatin county. The building was for a number of years thereafter used as a gymnasium and class room of the high school in the city of Bozeman, until a new school building was erected, after which further use of the Y. M. C. A. building became unnecessary; and thereafter the board of trustees of the Gallatin County High School requested the county commissioners to sell the building, which was done by the commissioners, the sale price being $17,500, $3,500 being paid in cash and the balance to be paid in annual installments. The defendant, in his capacity as county treasurer, was about to distribute the $3,500 so received to the several high schools of Gallatin county, and this action plaintiffs sought to prevent and applied for an order of court

directing that the moneys so received, and all moneys to be thereafter received, be paid to the plaintiff High School.

Defendant contends that mandamus has not been, and cannot be, sufficiently alleged and that it is not a proper remedy in this case, in that plaintiffs have not alleged, and cannot allege, a clear, legal duty, ministerial in nature, on the part of the defendant. While plaintiffs have not asked that a resulting trust be declared, we .are of the opinion that the allegations of the complaint are sufficient to state a cause of action upon the theory of a resulting trust, and that the facts alleged were sufficient to warrant such a holding in favor of the Gallatin County High School. Section 6785, Revised Codes, provides: "When a transfer of real property is made to one person, and the consideration thereof is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." (See, also, *Feeley* v. *Feeley*, 72 Mont. 84, 231 Pac. 908.) A resulting trust does not spring from a contract between the parties but arises from a breach of law and the acts of the parties.

Money used in purchasing the Y. M. C. A. building by the Gallatin County High School constituted funds which had been allocated to it or which it had in its treasury at the time of the purchase. The building having been purchased with these funds, the deed was taken in the name of the county commissioners, and we hold that this property belonged to the Gallatin County High School, and that the county commissioners held the deed as trustee for the High School; upon the sale of the property the money derived therefrom was and is the property of the High School. There was no error on the part of the district court in directing and ordering that the same be delivered to the school district.

Having declared the facts alleged to be sufficient to show a resulting trust, mandamus was a proper remedy and the complaint was sufficient.

After the purchase of the Y. M. C. A. building by the Gallatin County High School the district incorporated, as provided by law, under the title of Gallatin County High School

District. This does not change the status of the Gallatin County High School. The Gallatin County High School and Gallatin County High School District are one and the same, so far as the payment of this money is concerned.

Appellant contends that the sale was not conducted as provided by our statutes for the sale of school property, and, therefore, the action must fail. The county commissioners, so far as the records show, sold the property as provided by law. We do not consider this question important, as the sale was made, the purchaser accepted the title and paid the money; so that the only question now before the court is, Who is entitled to the money, the proceeds of the sale of the Y. M. C. A. building?

We find no material error in this case, and the judgment of the lower court is affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON, MORRIS and ANGSTMAN concur.